UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN MARTIN, ) | 1:08-cv-01058 YNP [DLB] (HC) |
| Petitioner, ) | ORDER GRANTING RESPONDENT'S MOTION TO DISMISS |
| v. ) | [Doc. #19] |
| ) | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |
| TINA HORNBEAK, Warden, ) | |
| Respondent. ) | ORDER DENYING CERTIFICATE OF APPEALIBILITY |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Pursuant to 28 U.S.C. § 636(c)(1), both parties have voluntarily consented to the jurisdiction of a United States Magistrate Judge. (Docs. 9, 16).

**BACKGROUND**

Petitioner was convicted of murder, gross vehicular manslaughter, driving under the influence of alcohol, and driving with a blood alcohol level exceeding .20 percent. (Mot. to Dismiss at 1; Lodged Doc. 1). A number of sentencing enhancements were found true and on October 15, 1997, Petitioner was sentenced to state prison for a term of twenty-two years, eight months to life. (Id.)

On March 3, 2000, the California Court of Appeal, Fifth Appellate District, reversed the gross vehicular manslaughter conviction and affirmed the judgment in all other respects. (Mot. to Dismiss at 2; Lodged Doc. 2).

On June 14, 2000, the California Supreme Court denied review of Petitioner's appeal. (Mot. to Dismiss at 2; Lodged Docs. 3-4).

State post-conviction petitions

On December 21, 2001, Petitioner filed the first of seven state habeas petitions. (Mot. to Dismiss at 2; Lodged Doc. 5). The Tulare County Superior Court denied the petition on January 10, 2002. (Mot. to Dismiss at 2; Lodged Doc. 6).

On August 1, 2002, Petitioner filed a second petition with the Tulare County Superior Court, which was denied on August 26, 2002. (Mot. to Dismiss at 2; Lodged Docs. 7, 8).

On October 18, 2002, Petitioner filed a habeas petition in the state appellate court, which was denied on October 31, 2002. (Mot. to Dismiss at 2; Lodged Docs. 9, 10).

On December 5, 2002, Petitioner filed a petition with the state supreme court. (Mot. to Dismiss at 2; Lodged Doc. 11). That petition was denied on July 9, 2003. (Mot. to Dismiss at 2; Lodged Doc. 12).

On February 25, 2008, Petitioner filed yet another petition with the Tulare County Superior Court, which was denied on February 29, 2008. (Mot. to Dismiss at 2; Lodged Docs. 13, 14).

On March 11, 2008, Petitioner filed a second petition in the state appellate court. (Mot. to Dismiss at 2-3, Lodged Doc. 15). The petition was denied on March 20, 2008. (Mot. to Dismiss at 3; Lodged Doc. 16).

Petitioner filed his final state petition on April 4, 2008, with the state supreme court. (Mot. to Dismiss at 3; Lodged Doc. 17). That petition was denied on June 11, 2008. (Mot. to Dismiss at 3; Lodged Doc. 18).

Federal post-conviction petition

Petitioner filed the instant petition for writ of habeas corpus on July 2, 2008. (Doc. #1). On October 29, 2008, Respondent filed a motion to dismiss claiming that Petitioner's federal petition is untimely. Petitioner filed an opposition to the motion on November 14, 2008. (Doc. #21). Responded filed a response to the opposition on December 24, 2008. (Doc. #25). Petitioner replied to Respondent's response on January 6, 2009. (Doc. #27). It is Respondent's motion to dismiss that will be considered herein.

**DISCUSSION**

**I. Jurisdiction**

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution. In addition, the conviction challenged arises out of the Tulare County Superior Court, which is located within the jurisdiction of this Court. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(d). Accordingly, the Court has jurisdiction over the action.

On April 24, 1996, Congress enacted the AEDPA, which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997), *quoting* Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir. 1996), *cert. denied,* 520 U.S. 1107 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA; thus, it is governed by its provisions.

**II. Procedural Grounds for Motion to Dismiss**

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition . . . that the petitioner is not entitled to relief." See Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See*, e.g.*, O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12. Because the arguments in the motion to dismiss are procedural in nature and Respondent has not

1  yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its
2  authority under Rule 4.
3  **III.  Limitation Period for Filing a Petition for Writ of Habeas Corpus**
4        The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed
5  after the date of its enactment.  <u>Lindh v. Murphy</u>, 521 U.S. at 117; <u>Jeffries v. Wood</u>, 114 F.3d at
6  1499. As noted above, the instant petition is subject to the requirements laid out in the AEDPA.  The
7  AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for
8  writ of habeas corpus. 28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

      The Ninth Circuit has held that "'§ 2244's one-year limitation period applies to all habeas petitions filed by persons in custody pursuant to the judgment of a State Court' even if the petition challenges an administrative decision rather than a state court judgment." <u>Eric v. Shelby</u>, 391 F.3d 1061, 1062 (9th Cir. 2004).

      In most cases, the limitation period begins running on the date that the petitioner's direct review becomes final.  When a petitioner has sought all levels of direct review in the state court, a judgement becomes final after completion of certiorari proceedings in the United States Supreme Court or after the expiration of the time for filing a petition for writ of certiorari.  <u>Clay v. United</u>

States, 537 U.S. 522, 524-25, 527 (2003).  After the California Supreme Court denied review, Petitioner had ninety days in which to file a petition for writ of certiorari.  The state supreme court denied review on June 14, 2000, giving Petitioner until September 21, 2000, by which to file for a writ of certiorari with the United States Supreme Court, which he failed to do.  The judgement of the state supreme court became final and the one-year limitation period began to run on September 22, 2000. Thus, absent any applicable tolling, Petitioner had to file his petition in the district court by September 21, 2001.

**IV.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)**

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. Carey v. Saffold, 122 S.Ct. 2134, 2135-36 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000); Welch v. Newland, 267 F.3d 1013, 1016 (9th Cir. 2001) ("tolled period includes intervals between the disposition of a state court petition and the filing of a subsequent petition at the next state appellate level"); Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir. 2001) (stating that the "AEDPA's one-year grace period is tolled during the pendency of properly filed state petitions challenging the judgment or claim at issue."); cf. Dils v. Small, 260 F.3d 984, 986 (9th Cir. 2001) (Court found no tolling between consecutive filings at the same level).

Petitioner did not file her first state petition for writ of habeas corpus until December 21, 2001, three months after the one-year limitation period ended.  Because none of the state petitions were filed withing the one-year limitation period, none of them can toll the limitation period.

Equitable Tolling

Petitioner claims that she is protected from the statute of limitations because she is actually innocent of the underlying crime and that the petition must therefore be considered.  Neither the

Supreme Court nor the Ninth Circuit has addressed whether there is an actual innocence exception to a violation of section 2244(d)'s limitation period. The Ninth Circuit has only excused a violation of the limitation period in cases where the petitioner was entitled to equitable tolling. See Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283, 1287-89 (9th Cir. 1997).

Even if the Court were to conclude that an actual innocence exception to a violation of the limitation period existed, Petitioner has not met the standard for actual innocence. In order to demonstrate actual innocence in a collateral proceeding, a petitioner must present "new reliable evidence that was not presented at trial" and "show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt." Schlup v. Delo, 513 U.S. 298, 299, 327-28 (1995). Petitioner has not "support[ed] her allegations of constitutional error with new reliable evidence,--whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence--that was not presented at trial." Id. at 324; see also Shumway v. Payne, 223 F.3d 982, 990 (9th Cir.2000) ("[A]ctual innocence must be based on reliable evidence not presented at trial.") (citation omitted).

## CONCLUSION

The instant petition must be dismissed as untimely because it was filed after the AEDPA's one-year statute of limitations ended.

## CERTIFICATE OF APPEALIBILITY

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

   (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

   (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

   (c)     (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–

      (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

      (B) the final order in a proceeding under section 2255.

  (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

  (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 123 S.Ct. at 1034; Slack v. McDaniel, 529 U.S. 473, 484 (2000).  While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 123 S.Ct. at 1040.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further.  Petitioner has not made the required substantial showing of the denial of a constitutional right.  Accordingly, the Court hereby DENIES Petitioner's motion for certificate of appealability.

## ORDER

It is hereby ORDERED that:

1) Respondent's motion to dismiss is GRANTED;

2) The petition for writ of habeas corpus is DISMISSED with prejudice; and

3) Certificate of appealibility is DENIED.


  IT IS SO ORDERED.

Dated:   **September 23, 2009**                 **/s/ Dennis L. Beck**
                                                                                        UNITED STATES MAGISTRATE JUDGE